UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HOWARD PRESCOD,                                     :

            Petitioner,                :        10 Civ. 2395 (SHS) (AJP)

      -against-                      :        **REPORT AND RECOMMENDATION**

D. BROWN,                                           :

          Respondent.                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable Sidney H. Stein, United States District Judge:**

          Pro se petitioner Howard Prescod seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, from his May 30, 1986 conviction in Supreme Court, New York County, of second degree murder, first and second degree robbery and second degree assault, and sentence of 29-2/3 years to life imprisonment.  (Dkt. No. 2: Pet. ¶¶ 1-5; see Dkt. No. 11:  ADA Schlossberg Aff. Ex. B: 5/30/86 Sentencing Tr. ["S."].)

          For the reasons set forth below, Prescod's petition should be denied as barred by the AEDPA's one year statute of limitations.

**FACTS**

          As noted above, Justice Edwin Torres sentenced Prescod to 29-2/3 years to life imprisonment on May 30, 1986.  (Dkt. No. 11: ADA Schlossberg Aff. Ex. B: S. 6-7.)  Specifically, Justice Torres sentenced Prescod to 25 years to life on the murder count, 2-1/3 to seven years on each of the two assault counts to run consecutive to the murder sentence, and 8-1/3 to 25 years and

H:\OPIN\PRESCOD

2

5 to 15 years on the two robbery counts, to run concurrent with the murder sentence.  (S. 6-7; see also ADA Schlossberg Aff. Ex. C: Sentence & Commitment Forms.)

The First Department affirmed Prescod's conviction on April 28, 1988.  People v. Prescod, 139 A.D.2d 976, 527 N.Y.S.2d 668 (1st Dep't 1988).[1]  The New York Court of Appeals denied leave to appeal on September 6, 1988.  People v. Prescod, 72 N.Y.2d 960, 534 N.Y.S.2d 674 (1988).

Some twenty years later, on July 15, 2008, Prescod filed a pro se motion in state court pursuant to C.P.L. § 440, challenging the imposition of consecutive sentences as a matter of state law.  (ADA Schlossberg Aff. Ex. F: Prescod § 440 Motion.)  On November 3, 2008, Justice Bruce Allen denied Prescod's § 440 motion, rejecting Prescod's claim that it was illegal, as a matter of state law, to impose consecutive sentences for the murder and assault counts.  (ADA Schlossberg Aff. Ex. H: 11/3/08 Justice Allen Opinion.)   On April 2, 2009, the First Department denied leave to appeal from Justice Allen's decision.  (ADA Schlossberg Aff. Ex. J: 4/2/09 1st Dep't Cert. Denying Leave.) Prescod sought leave to appeal from the New York Court of Appeals.  (ADA Schlossberg Aff. Ex. K.)  The New York Court of Appeals dismissed his application "because the order sought to be appealed is not appealable."  (ADA Schlossberg Aff. Ex. L: 5/7/09 N.Y. Ct. App. Cert. Dismissing Application.)

---

[1]      Prescod's counseled appeal had raised a claim that his "aggregate sentence of nearly thirty years to life . . . was excessive" and "manifestly unjust."  (ADA Schlossberg Aff. Ex. D: Prescod 1st Dep't Br. at 54-59.)

**Federal Proceedings**

On June 11, 2009, Prescod filed the instant petition.  (Dkt. No. 2: Pet.)[2/]  Prescod's habeas petition raises the consecutive sentence claim he previously had raised in his C.P.L. § 440 motion.  (Pet. ¶ 13 & attached CPL 440 Papers.)

On March 17, 2010, Chief Judge Preska directed Prescod to submit an affidavit showing why his petition was timely under the AEDPA.  (Dkt. No. 3: 3/17/10 Order.)  In response, Prescod stated that he first learned of an error in his sentencing on October 23, 2008, when the State responded to Prescod's § 440 motion.  (Dkt. No. 4: Prescod 5/5/10 Aff. at p. 1.)[3/]  In a supplemental affidavit, Prescod stated that he was "consistently placed on 'keep-lock' (lock-down status) . . . , was repeatedly moved from one [prison] housing location to another [and] lost minimal amounts of the legal paper-work he had received . . . ."  (Dkt. No. 6: Prescod 6/18/10 Aff. at p. 2.)  Prescod gave some legal papers to a girlfriend who "eventually" stopped communicating with Prescod.  (Prescod 6/18/10 Aff. at p. 2.)

---

[2/]    The petition, dated June 11, 2009, was received by the Court's Pro Se Office on June 15, 2009 but was not processed and filed by the Court until March 17, 2010.  Under the "prison mailbox" rule, the Court uses June 11, 2009 as the date of the petition.

[3/]    Prescod refers to the statement in the State's response to his § 440 motion indicating that while Justice Torres correctly ordered the sentences on the robbery counts to run concurrent to Prescod's other sentences, the commitment sheets stated that the robbery sentences would run concurrent to the murder count but consecutive to the assault counts.  (ADA Schlossberg Aff. Ex. G: State 440 Br. at 5.)  As Justice Allen noted, however, "this does not make any difference in the length of the overall sentence" since the robbery sentences (five to fifteen years and 8-1/3 to twenty five years) are less than the twenty five years to life on the concurrent murder charge.  (ADA Schlossberg Aff. Ex. H: 11/3/08 Justice Allen Opinion at 2-3; see also ADA Schlossberg Aff. Ex. B: S. 6-7.)

In the late 1990s to the "early/mid" 2000s, Prescod started researching his case in the prison law library, and "surprisingly reconnected with the former girl-friend" who returned the legal paperwork she had. (Prescod 6/18/10 Aff. at p. 2.) Once he received that paperwork, he "expanded his [legal] research into the area of his sentencing structure, and happened upon the error discrepancy which are apparent within the record, as well as with-in the commitment order." (Prescod 6/18/10 Aff. at pp. 2-3.)[4/]

On November 24, 2010, the State responded to Prescod's habeas petition. (Dkt. No. 10: State Trial Tr.; Dkt. No. 11: State Answer & App'x, ADA Schlossberg Aff.; Dkt. No. 12: State Br.) The State asserted that Prescod's habeas petition should be dismissed as time barred. (State Br. at 8-16.) The State further argued that if the petition was not dismissed as time barred, it should be dismissed because Prescod's sentence was lawfully imposed and does not implicate any federal constitutional right. (State Br. at 17-22.)

## ANALYSIS

## PRESCOD'S PETITION IS TIME-BARRED UNDER THE AEDPA

The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a one-year limitations period for habeas corpus petitions, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

---

[4/]    In a supplement to his affidavit, Prescod misconstrues the State's concession and Justice Allen's decision, arguing that "in reality, all sentences should have ran concurrently to each other." (Prescod 6/18/10 Aff. Supp. at p. 2.)

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . . .
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

### A.    Prescod's Petition is Barred Under § 2244(d)(1)(A) of the AEDPA

Prescod's conviction became final on December 5, 1988, ninety days after September 6, 1988, when the New York Court of Appeals denied leave to appeal.  E.g., Williams v. Artuz, 237 F.3d 147, 150-51 & n.1 (2d Cir.), cert. denied, 534 U.S. 924, 122 S. Ct. 279 (2001). Because Prescod's conviction became final prior to the April 24, 1996 enactment of the AEDPA, the Second Circuit has held that the AEDPA limitations period runs until one year after the date of the statute's enactment, i.e., until April 24, 1997.  E.g., Adeline v. Stinson, 206 F.3d 249,  251 (2d Cir. 2000); Smith v. McGinnis, 208 F.3d 13, 15 (2d Cir.), cert. denied, 531 U.S. 840, 121 S. Ct. 104 (2000); Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998).  Prescod, however, did not file his habeas petition until June 11, 2009 (see page 3 above), more than twelve years later.

Prescod filed his C.P.L. § 440 motion on July 15, 2008 (see page 2 above) – more than 11 years after the April 24, 1997 expiration of his AEDPA filing deadline – and it is black letter law that a C.P.L. § 440 motion filed after expiration of the AEDPA limitations period does not start the one-year limitation period anew.  See, e.g., Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2002)

H:\OPIN\PRESCOD

("[S]tate-court applications for collateral relief do not 'restart' the AEDPA limitations period.");

Smith v. McGinnis, 208 F.3d at 17 ("[P]roper calculation of Section 2244(d)(2)'s tolling provision

excludes time during which properly filed state relief applications are pending but does not reset the

date from which the one-year statute of limitations begins to run.") (emphasis added).[5]

       Accordingly, Prescod's habeas petition is time barred under 28 U.S.C.

§ 2244(d)(1)(A).

**B.      Prescod's Petition Also Is Barred Under § 2244(d)(1)(D)**

       Prescod appears to be claiming that his petition is timely under Section 2244(d)(1)(D)

because it was only when the State responded to his C.P.L. § 440 motion on October 23, 2008 that

he discovered the error in the commitment forms as to his sentencing.  (See pages 2, 4 & n.4 above.)

Prescod, however, was present when Justice Torres sentenced him to 25 years to life for murder, an

additional minimum of 4-2/3 years for the two assault counts to run consecutively to the murder

---

[5]    See also, e.g., Oberoi v. Cook, 09 Civ. 9274, 2010 WL 1010055 (S.D.N.Y. Mar. 19, 2010) (Peck, M.J.), report & rec. adopted, 2010 WL 1404176 (S.D.N.Y. Apr. 7, 2010) (Stein, D.J.); Dodell v. Walsh, 09 Civ. 9902, 2010 WL 624910 at *2 (S.D.N.Y. Feb. 19, 2010); Williams v. Conway, 596 F. Supp. 2d 770, 774 (W.D.N.Y. 2009) ("A state-court collateral attack on a conviction cannot toll an already expired limitations period.  Nor does a belatedly filed state-court collateral attack serve to start the limitations period running anew.") (citations omitted);  Frawley v. Brown, No. 07-CV-4580, 2007 WL 4264607 at *2 (E.D.N.Y. Nov. 30, 2007) ("Petitioner is not entitled to statutory tolling because his post-conviction motion . . . does not operate to toll the running of the limitations period, since it was filed after the statute of limitations expired."); Williams v. Phillips, 04 Civ. 4653, 2005 WL 1806161 at *9 (S.D.N.Y. Aug. 2, 2005) (Peck, M.J.) ("The Second Circuit has made clear that the state collateral attack toll of § 2244(d)(2) does not start the one-year limitation period to run anew, especially when it has alr[e]ady expired before the collateral motion."); Martinez v. Keane, 02 Civ. 9030, 2003 WL 21254422 at *1 (S.D.N.Y. May 30, 2003) (Peck, M.J.); Rosario v. Bennett, 01 Civ. 7142, 2002 WL 31852827 at *13 & n.16 (S.D.N.Y. Dec. 20, 2002) (Peck, M.J.) (& cases cited therein), report & rec. adopted, 2003 WL 151988 (S.D.N.Y. Jan. 21, 2003).

count, and two "concurrent" terms for the robbery counts.  (See pages 1-2 above.)  While Justice Torres did not specifically articulate what the robbery sentences were concurrent to, Prescod's counsel and the State on appeal to the First Department recognized that Prescod's sentences totaled 29-2/3 years to life imprisonment.  (See Dkt. No. 11: ADA Schlossberg Aff. Ex. D: Prescod 1st Dep't Br. at 54-59 (referring to sentence as "aggregate sentence of nearly thirty years to life"); ADA Schlossberg Aff. Ex. E: State 1st Dep't Br. at 55-59 (noting that Prescod's sentence "totall[ed] twenty-nine and two thirds years to life imprisonment.").)  Indeed, Prescod's counsel argued to the First Department that Prescod's sentence was excessive and should be reduced, and that the consecutive assault sentences should be changed to concurrent.  (Prescod 1st Dep't Br. at 54-59 (seeking reduction of murder sentence and that Prescod's assault sentences "be made to run concurrent to that term.").)

Thus, Prescod's claim that he was not aware of his sentence or defects in it until his C.P.L. § 440 motion is belied by the record.[6]

---

[6]    Even if Prescod was not aware of the content of the Sentence & Commitment Forms at the time of sentencing, he could have discovered the content through the exercise of due diligence at any time after sentencing.  See, e.g., Chen v. United States, 02 Cr. 1039, 05 Civ. 5952, 2008 WL 563442 at *3 n.32 (S.D.N.Y. Feb. 20, 2008) (noting that "matter[s] of public record" can be discovered through reasonable diligence); see also Gonzalez-Ramos v. United States, 99 Cr. 1112, 05 Civ. 3974, 2007 WL 1288634 at *10 (S.D.N.Y. May 2, 2007).

Moreover, if Prescod's current habeas petition is attacking the consecutive sentences for assault, he certainly knew of that at the time of sentencing and direct appeal, as discussed above.  If he is challenging the fact that the Commitment Forms have the robbery sentences as concurrent to the murder sentence, as opposed to concurrent to all sentences, that issue could have been discovered with due diligence.  In addition, as Justice Allen noted, any error in the Commitment Forms is harmless because the robbery sentences are less than the concurrent murder sentence so correction of the Commitment Forms would not change

(continued...)

Accordingly, Prescod cannot rely on § 2244(d)(1)(D)'s one year from discovery provision, and his petition is time barred, unless saved by equitable tolling.

### C.    Prescod is Not Entitled to Equitable Tolling

In its recent opinion in Holland v. Florida, 130 S. Ct. 2549 (2010), the Supreme Court (as had the Second Circuit for years) held that the AEDPA limitations period "is subject to equitable tolling in appropriate cases." Holland v. Florida, 130 S. Ct. at 2560. The Supreme Court reiterated the long-standing Second Circuit rule that "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. at 2562, quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005).[7]

---

[6]    (...continued)
Prescod's sentence as a matter of State law (see page 4 n.4 above); and any ministerial but harmless error does not raise any federal constitutional ground for habeas relief.

[7]    The Second Circuit has explained the extraordinary circumstances/reasonable diligence standard with respect to equitable tolling of the AEDPA's limitations period:

"To equitably toll the one-year limitations period, a petitioner must show that extraordinary circumstances prevented him from filing his petition on time, and he must have acted with reasonable diligence throughout the period he seeks to toll. To show that extraordinary circumstances prevented him from filing his petition on time, petitioner must demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances. Hence, if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."

(continued...)

First, Prescod does not specify for what portion of more than a decade between expiration of the AEDPA and the filing of his C.P.L. § 440 motion he was in keeplock or SHU.  (See page 3 above.)  See Kevilly v. Connell, No. 06-CV-5672, 2009 WL 750227 at *5 n.5 (E.D.N.Y. Mar. 19, 2009) ("[E]ven if petitioner had demonstrated extraordinary circumstances, petitioner has failed to establish that he acted with reasonable diligence during the entire period he seeks to toll."); Jones v. Artus, 615 F. Supp. 2d 77, 82 (W.D.N.Y. 2009) ("Even assuming that [petitioner] could show that his confinement in SHU and confiscation of his legal papers constituted extraordinary circumstances and prevented him from filing his petition for some length of time, [the court] must still determine whether they prevented him from filing his petition on time.") (quotations omitted); Lewis v. McGinnis, No. 04-CV-32, 2008 WL 833964 at *21 (N.D.N.Y. Mar. 27, 2008) ("A petitioner claiming extraordinary circumstances must support that claim with evidence and not simply with 'personal conclusions or assessments.'  A petitioner must also show that he was unable to pursue his legal rights during the entire period that he seeks to toll.") (citation omitted); Collins v. Artus, 496 F. Supp. 2d 305, 313 (S.D.N.Y. 2007) (Chin, D.J.) ("To establish extraordinary circumstances, a petitioner must support his allegations with evidence; he cannot rely solely on personal conclusions or assessments.  Further, the party must show that he was unable to pursue his legal rights during the entire period that he seeks to toll.") (citation omitted).[8/]  Even if it was for

---

[7/]   (...continued)
Baldayaque v. United States, 338 F.3d 145, 150 (2d Cir. 2003); accord, e.g., Forbes v. Walsh, 04 Civ. 5076, 2007 WL 54792 at *3 (S.D.N.Y. Jan. 9, 2007) (Peck, M.J.) (& cases cited therein), report & rec. adopted, 2007 WL 646267 (S.D.N.Y. Mar. 2, 2007).

[8/]   See also, e.g., Artis v. Huliahn, 09 Civ. 9893, 2010 WL 4668926 at *4 n.4 (S.D.N.Y. (continued...)

most of that period, keeplock or SHU status does not provide a basis for equitable tolling.  See, e.g.,
Pillco v. Bradt, 10 Civ. 2393, 2010 WL 3398467 at *2 (S.D.N.Y. Aug. 26, 2010) ("To meet the
extraordinary circumstances standard, a petitioner must prove that the cause of his delay was 'both
beyond his control and unavoidable even with diligence.'  For example, 'difficulty in gaining library
access, prison lockdowns, [petitioner's] lack of legal training, poor eyesight, and transfers to various
prisons' fail to meet the requisite extraordinary circumstances.") (fn. omitted); Richard v. Rock, No.
08-CV-145, 2009 WL 383762 at *7 (N.D.N.Y. Feb. 10, 2009) ("In general, the difficulties attendant
on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access
to the law library, and an inability to secure court documents, do not by themselves qualify as
extraordinary circumstances."); Myrick v. Bradt, No. 08-CV-4972, 2009 WL 210868 at *2

---

8/     (...continued)
Nov. 12, 2010) ("As with mental health claims, a petitioner seeking equitable tolling based
on physical health must provide supporting evidence rather than relying on conclusory
allegations and 'must prove that he was unable to pursue his legal rights during the entire
period that he sought to have tolled.'"); Rodriguez v. Ercole, No. 08-CV-3745, 2010 WL
4669919 at *9 (E.D.N.Y. Aug. 2, 2010) ("[E]ven assuming arguendo the veracity of
petitioner's vague and uncorroborated allegations of headaches and back and neck pain,
petitioner has not demonstrated an inability to function throughout the entire limitations
period."), report & rec. adopted, 2010 WL 4672074 (E.D.N.Y. Nov. 10, 2010); Victorial v.
Burge, 477 F. Supp. 2d 652, 655 (S.D.N.Y. 2007) ("Victorial does not demonstrate that he
was incapacitated for any time period during the year in which he was to file his petition
with the Court, but merely states that he has 'been diagnosed with a mental disorder' since
1997. . . . Thus, Victorial's claim of mental illness does not demonstrate incapacitation and,
as a result, falls short of establishing extraordinary circumstances."); Rhodes v. Senkowski,
82 F. Supp. 2d 160, 173 (S.D.N.Y. 2000) (Buchwald, D.J. & Peck, M.J.) ("[P]hysical or
mental illness could toll the AEDPA's one-year time period to file a habeas corpus petition;
however, a petitioner must allege more than the mere existence of physical or mental
ailments to justify equitable tolling.  A petitioner has the burden to show that these health
problems rendered him unable to pursue his legal rights during the one-year time period. . . .
[Petitioner's] vague responses are simply insufficient to support equitable tolling.").

(E.D.N.Y. Jan. 28, 2009) ("Although petitioner's confinement to the S.H.U. may have concluded at about the time the statute of limitations period ended, petitioner has not stated any reason why he was prevented from filing his petition during that period . . . ."); Lora v. United States, 07 Civ. 6936, 2007 WL 4966776 at *3 (S.D.N.Y. Nov. 21, 2007) ("Difficulties in pursuing a habeas petition created by the routine restrictions of prison life, however, are not extraordinary circumstances for purposes of equitable tolling.") (quotations omitted), report & rec. adopted, 2008 WL 577174 (S.D.N.Y. Mar. 3, 2008); Cross v. McGinnis, 05 Civ. 504, 2006 WL 1788955 at *4 (S.D.N.Y. June 28, 2006) ("Solitary confinement and the restrictions associated with it are not an extraordinary circumstance."); Gant v. Goord, 430 F. Supp. 2d 135, 139 (W.D.N.Y. 2006) ("In general, the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances.").

Second, the fact that Prescod lost some of his legal papers (or a girlfriend did not return them to him) is not an extraordinary circumstance that would justify equitable tolling.  See Pillco v. Bradt,  2010 WL 3398467 at *2  (Loss of legal papers entrusted to "another inmate cannot be a ground for equitable tolling as it represents a complete abdication of responsibility by the habeas petitioner."); Chapman v. Ricks, No. 03-CV-0171, 2008 WL 820189 at *8 (N.D.N.Y. Mar. 26, 2008) ("The negligent loss of legal papers . . . . has been held insufficient to warrant equitable tolling.") (citing cases); Cross v. McGinnis,  2006 WL 1788955 at *5 (Negligent loss of legal papers does not constitute an extraordinary circumstance.); Cox v. Edwards, 02 Civ. 7067, 2003 WL 22221059 at *3 (S.D.N.Y. Sept. 26, 2003) (Loss of legal papers "either by other inmates

or by the correctional facility personnel. . . . held insufficient to entitle a petitioner to equitable tolling.") Compare Valverde v. Stinson, 224 F.3d 129, 133-35 & n.3 (2d Cir. 2000) ("The intentional confiscation of a prisoner's habeas corpus petition and related legal papers by a corrections officer is 'extraordinary' as a matter of law," while a prisoner's destruction of his own papers "would be unlikely to provide a basis for the petitioner successfully to argue" for equitable tolling since "such behavior can be viewed as tantamount to the petitioner's failure to exercise reasonable diligence.").

Finally, the fact that it took Prescod some time to research the law is not an extraordinary circumstance that would justify equitable tolling.  See, e.g., Ormiston v. Nelson, 117 F.3d 69, 72 n.5 (2d Cir. 1997) ("Mere ignorance of the law is, of course, insufficient to delay the accrual of the statute of limitations."); Giles v. Smith, 10 Civ. 5322, 2010 WL 4159468 at *3 (S.D.N.Y. Oct. 8, 2010) ("Insofar as Petitioner alleges that his Petition was untimely by nearly thirteen years because it took him years of study to ascertain his claims, he fails sufficiently to allege that he acted with reasonable diligence to overcome an extraordinary circumstance. Petitioner therefore is not entitled to equitable tolling on this basis."); Ruiz v. Poole, 566 F. Supp. 2d 336, 341 (S.D.N.Y. 2008) ("[I]gnorance of law does not constitute a rare and extraordinary circumstance that would merit equitable tolling."); Forbes v. Walsh, 2007 WL 54792 at *4 (Petitioner's "arguments for equitable estoppel - that he was ignorant of the law and had to rely on other inmates for help - are not 'extraordinary,' as they apply to most inmates.  The Courts have uniformly found that these reasons do not justify equitable tolling.") (citing cases); Thrower v. Land, 06 Civ. 4864, 2006 WL 3735649 at *2 (S.D.N.Y. Dec. 14, 2006) (Peck, M.J.) ("[L]ack of knowledge about the law is not

sufficient to claim the [AEDPA] statute of limitations should be tolled."), <u>report & rec. adopted</u>, 2007 WL 294096 (S.D.N.Y. Jan. 30, 2007).[9/]

Prescod has not shown any extraordinary circumstance, singly or collectively, to justify equitable tolling.  His petition, therefore, is time barred.

---

[9/]   <u>See also</u>, <u>e.g.</u>, <u>United States</u> v. <u>Banks</u>, 06 Civ. 0786, 2006 WL 2927235 at *5 (S.D.N.Y. Oct. 13, 2006) (Chin, D.J.) ("[I]gnorance of the law is not 'extraordinary' in the sense required by the equitable tolling doctrine."); <u>Worsham</u> v. <u>West</u>, 05 Civ. 530, 2006 WL 2462626 at *2 (S.D.N.Y. Aug. 23, 2006) ("Mere ignorance of the law does not qualify as an extraordinary circumstance warranting equitable tolling in habeas cases."); <u>Ayala</u> v. <u>Fischer</u>, 04 Civ. 3404, 2004 WL 2435523 at *1 (S.D.N.Y. Nov. 2, 2004) ("Ignorance of the law and an inability to read or write do not constitute extraordinary circumstances that would justify equitable tolling."); <u>Williams</u> v. <u>Breslin</u>, 03 Civ. 1848, 2004 WL 2368011 at *6 (S.D.N.Y. Oct. 20, 2004) (rejecting petitioner's claim that he was "'not familiar with matters of Law as this is [his] first State Conviction & Sentence'" because ignorance of the law is not an extraordinary circumstance) (citing cases); <u>Hickey</u> v. <u>Senkowski</u>, 02 Civ. 1437, 2003 WL 255319 at *4 (S.D.N.Y. Feb. 4, 2003) (Chin, D.J.); <u>Bonilla</u> v. <u>Ricks</u>, 00 Civ. 7925, 2001 WL 253605 at *2 (S.D.N.Y. Mar. 14, 2001) (Peck, M.J.) (Petitioner's "argument is similar to that of petitioners who sought more time because of their lack of legal knowledge or delays in the prison law library, all of which have been rejected by the courts in this Circuit.") (citing cases); <u>Martinez</u> v. <u>Kuhlmann</u>, 99 Civ. 1094, 1999 WL 1565177 at *5 (S.D.N.Y. Dec. 3, 1999) (Peck, M.J.) ("An inability to speak, read or write English, alone or in combination with difficulty obtaining assistance in legal research from other prisoners or prison staff, is not sufficiently extraordinary to merit equitably tolling the AEDPA's one-year statute of limitations, since these are disabilities common to many prisoners.") (citing cases), <u>report & rec. adopted</u>, 2000 WL 622626 (S.D.N.Y. May 15, 2000); <u>Rhodes</u> v. <u>Senkowski</u>, 82 F. Supp. 2d at 172 n.7 (citing cases).

14

**CONCLUSION**

For the reasons set forth above, Prescod's habeas petition should be denied as time barred by the AEDPA's one-year limitations period.  A certificate of appealability should not be issued.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.[10/]  Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Sidney H. Stein, 500 Pearl Street, Room 1010, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Stein (with a courtesy copy to my chambers).  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988);

---

[10/]   If the pro se petitioner requires copies of any of the cases reported only in Westlaw, petitioner should request copies from opposing counsel.  See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009); SDNY-EDNY Local Civil Rule 7.1(c)

H:\OPIN\PRESCOD

McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72.

Dated:      New York, New York
            January 20, 2011

                                    Respectfully submitted,

                                    _____
                                    **Andrew J. Peck**
                                    United States Magistrate Judge

Copies to:   Howard Prescod
             Karen Schlossberg, Esq.
             Judge Sidney H. Stein

H:\OPIN\PRESCOD